JOHN W. HUBER, United States Attorney (#7226)
J. DREW YEATES, Assistant United States Attorney (#9811)
MICHAEL J. THORPE, Assistant United States Attorney (#11992)
BRYAN N. REEVES, Assistant United States Attorney (#DC 994799)
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801)524-5682

_____

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LARRY RAYNOLD WILLIAMS, JR., <br><br> Defendant. | **UNITED STATES' POSITION REGARDING DETENTION** <br><br><br><br><br> Case No. 2:20-mj-629 |

The United States moves for detention of the Defendant based on the information available at the present time.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.

**Part I** addresses the statutory detention factors under 18 U.S.C. § 3142(e) and (f). **Part II** specifically addresses the nature and circumstances of the offense charged and the weight of evidence pursuant to 18 U.S.C. § 3142(g).

1

**PART I – Statutory Application.**

The United States' motion for detention is made:

☒ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:
- ☒ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
- ☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**
- ☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
- ☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
- ☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

- ☐ **(A)** a serious risk the defendant will flee; **or**
- ☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

**Procedure**

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or

combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id.*; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☒ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:
  ☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:
    **(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*
    **(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*
    **(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.
  ☒ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:
    ☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
    ☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
    ☒ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;
    ☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
    ☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260,

3

2421, 2422, 2423, or 2425.

## Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

- ☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device.  (18 U.S.C. § 3142(g)(1)).
- ☒ The weight of evidence against the defendant.  (18 U.S.C. § 3142(g)(2)).
- ☐ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings.  (18 U.S.C. § 3142(g)(3)(A)).
- ☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.  (18 U.S.C. § 3142(g)(3)(B)).
- ☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release.  (18 U.S.C. § 3142(g)(4)).
- ☐ The defendant's lack of legal status in the United States.  The defendant's legal status is:
- ☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.
- ☐ The defendant's significant family or other ties outside of the United States.
- ☐ The defendant's use of aliases or false documents.
- ☐ The defendant's prior attempts to evade law enforcement.
- ☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.
- ☐ The defendant's prior failures to appear for court proceedings.
- ☒ Other reasons including:  As outlined in Part II below.

## Victim Notification

- ☒ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

The position of the victim(s) on the detention of the defendant is: The Salt Lake

4

City Police Department recommends Defendant be detained pending trial.

☐ The victim(s) in this matter seek(s) a no contact order.
☐ This matter does not involve a victim requiring notification.

**PART II – Nature and Circumstances of the Offense and Weight of Evidence**

The defendant committed an intentional arson of an overturned police patrol car on a major city thoroughfare. His dangerous and criminal behavior endangered protestors, other rioters, reporters and first responders alike. By its very nature, arson involves a grave threat to life and property. The facts of the offense weigh in favor of detention.

The weight of the evidence also supports the defendant's continued detention. More specifically, video footage of the May 30, 2010, riot in downtown Salt Lake City depicts the defendant dressed in a black Nike sweatshirt, black Nike sweatpants, and black athletic shoes. Video and photographs taken at the event capture images of the Defendant holding white combustible fabric while donning a military-issued M50 gasmask. The defendant stands next to a previously charged co-conspirator named Christopher Isidro Rojas. See the photographs below:

 

The defendant then works with co-conspirator Rojas to ignite white fabric with a blue cigarette lighter. See the photograph below:



Once the white fabric began to burn, the defendant threw the material into the window of the overturned patrol car. The burning material landed partially within the interior of the patrol car and partially on the street. See the photographs below:





Thereafter, others, including codefendants Latroi Newbins, Lateehsa Richards, Jackson Patton added combustable materials to the fire. The patrol car was subsequently consumed by fire. See the photographs below:





As the patrol car was consumed by fire, the contents of the patrol car were also destroyed. Among the contents of the patrol car were hundreds of rounds of ammunition. As the ammunition was heated by the fire bullets and bullet fragments were projected erratically from the vehicle, thereby endangering bystanders.

More recently, on August 19, 2020, the defendant's gasmask, Nike sweatpants, Nike sweatshirt, and black Nike shoes were seized by law enforcement pursuant to a search warrant from the defendant's home and car.

//

//

//

//

8

In conclusion, the defendant's conduct at the riot placed members of our community in danger – including protestors, rioters, observers, media, and police. His disregard for the safety of others by initiating the arson demonstrates that he constitutes a serious danger to the community.

Respectfully submitted this 19th day of August, 2020,

>JOHN W. HUBER
>United States Attorney
>
>/s/ *J. Drew Yeates*
>J. DREW YEATES
>MICHAEL J. THORPE
>BRYAN N. REEVES
>Assistant United States Attorneys