ANDREA T. MARTINEZ, Acting United States Attorney (#9313)
J. DREW YEATES, Assistant United States Attorney (#9811)
MICHAEL J. THORPE, Assistant United States Attorney (#11992)
BRYAN N. REEVES, Assistant United States Attorney (#DC 994799)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:20-cr-182-DBB-5 |
| Plaintiff, | : | |
| vs. | : | SENTENCING MEMORANDUM AND OBJECTIONS TO PRESENTENCE REPORT |
| LARRY RAYMOND WILLIAMS, JR., | : | |
| | : | |
| Defendant. | | Judge David B. Barlow |

The United States, by and through the undersigned Assistant U.S. Attorney, hereby submits its sentencing memorandum, urging the Court to impose a sentence of imprisonment within the applicable guideline range.

The United States respectfully asserts that the appropriate guideline range exceeds that which is currently calculated in the Presentence Investigation Report ("PSR").[1] Below, the United States has identified the PSR's omissions to assist the Court in

---

[1] Dot. No. 290. The current position of the United States differs from previous communications to U.S. Probation wherein no objections were reported. This Sentencing Memorandum seeks to correct that previous oversight.

correctly calculating the guideline range, after considering all relevant guideline factors.[2]

Specifically, the PSR erroneously the official victim enhancement under U.S.S.G. §3A1.2(a). The Court should apply this enhancement because it is supported by a preponderance of the evidence.

## *Background*

On August 17, 2020, Defendant Williams was charged by criminal complaint with Interstate Arson in violation of 18 U.S.C. § 844(i).[3] On September 17, 2020, the Grand Jury returned a second superseding indictment against Defendant.[4]

On June 19, 2021, a Felony Information was filed against Defendant alleging a violation of 18 U.S.C. § 231(a)(3), Civil Disorder.[5] On June 15, 2021, Defendant pleaded guilty to the Felony Information.[6] There is no agreement between the parties as to how the court should sentence Defendant.

The PSR correctly applies a base offense level 16 in accordance with U.S.S.G. §2X5.1(a); §2B1.1, and §2K1.4(a)(5).[7] The PSR also correctly reduces the offense level by 3 based upon Defendant's clear demonstration of acceptance of responsibility.[8] However, as discussed below, the PSR incorrectly omits a victim-related adjustment. The

---

[2] *See Gall v. United States*, 552 U.S. 38, 49-50 (2007).
[3] PSR ¶ 7.
[4] PSR ¶ 8.
[5] PSR ¶ 9.
[6] PSR ¶ 10.
[7] PSR ¶ 45.
[8] PSR ¶¶ 52-53.

2

PSR correctly calculates a criminal history score of zero and a resulting criminal history category of I.

*United States' Objections to the Presentence Report*

The United States objects to the PSR because it incorrectly omits 1) the victim-related 3 level increase pursuant to U.S.S.G. §3A1.2(a). The United States addresses the omitted Chapter Three Adjustments in turn.

   a.  Section 3A1.2 – Official Victim Enhancement

Section 3A1.2 reads, in relevant part, "If (1) the victim was (A) a government officer or employee…and (2) the offense of conviction was motivated by such status, increase by 3 levels."[9] In *United States v. Ansberry*, the Tenth Circuit instructs that, when applying this section, a sentencing court is "to look to facts immediately related to the offense of conviction."[10] Ansberry further instructs that, "[w]hen confronted with an offense against government property, a sentencing court, rather than automatically equating it with the victimization of government employees, should point to the facts immediately related to the offense that demonstrate how the offense victimized government employees."[11]

Here, Defendant impeded, obstructed, and interfered with "specified individuals"

---

[9] U.S.S.G. §3A1.2(a).
[10] *United States v. Ansberry*, 976 F.3d 1108, 1120, (10th Cir. 2020).
[11] *Id.* at 1123.

for purposes of Section 3A1.2.[12] Defendant conceded in the plea agreement that he willfully and knowingly burned the patrol car with the intent and purpose of obstructing, impeding, and interfering with law enforcement officers.[13] Importantly, Defendant admitted that his actions were intended to impact law enforcement officers responding to the civil unrest. It is also significant that Defendant's guilty plea did not limit his conduct to obstructing, impeding, and interfering with non-persons or with a government entity or organization.[14]

On May 30, 2020, Defendant's conduct in burning the patrol car was, as he has admitted, intended to interfere, obstruct, and impede law enforcement that day. Specifically, his actions required law enforcement officers throughout the city of Salt Lake City to engage with a riot. Many of these same law enforcement officers were assaulted by members of the riot. Defendant's actions created a dangerous situation on the streets of Salt Lake City that required law enforcement officers – actual people – to put themselves in harm's way to restore public order and to ensure the safety of other citizens.

In *United States v. Polk*, the Fifth Circuit Court of Appeals held that a defendant need not know the names of intended victims to be subject to an enhancement under

---

[12] See Application Note 1.
[13] See Statement by Defendant in Advance of Plea at ¶ 11.
[14] See Application Note 1.

U.S.S.G. § 3A1.2.[15] Similarly, the Tenth Circuit Court of Appeals opined that the official victim enhancement of Section 3A1.2(a) requires the offense of conviction to be motivated by the status of an "official victim."[16] In the present case, Defendant admitted that his conduct was motivated by the status of the victims because they were law enforcement officers and he intended to interfere and impede them during the civil disorder.

Defendant's conduct on May 30, 2020, was intended to interfere with law enforcement during their duties to respond to civil disorder and riot. As indicated, in the present instance, law enforcement on that day consisted of specific individuals, not nameless and faceless entities. Consequently, the Court should increase the offense level by 3 pursuant to U.S.S.G. §3A1.2(a).

## 18 U.S.C. § 3553 Considerations

The United States will more fully address each of the relevant factors set forth in § 3553 at the time of sentencing. Considering the circumstances of the instant offense and Defendant's criminal history, the United States respectfully recommends that Defendant be sentenced within the applicable guideline range. A guideline sentence reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for serious criminal behavior. A guideline sentence also provides adequate deterrence, both

---

[15] *United States v. Polk*, 118 F.3d 286, (5th Cir. 1997).
[16] *United States v. Blackwell*, 323 F.3d 1256, (10th Cir. 2003).

specific and general, and protects the public from further crimes by Defendant.

## *Conclusion*

The United States recommends the Court sentence Defendant to a term of imprisonment within the applicable guideline range. The applicable guideline range should include a 3-level increase for official victim. The resulting offense level is 16. With a criminal history category of I, the applicable guideline range is 21-27 months. As such, the United States respectfully requests a sentence between 21-27 months' imprisonment be imposed.

RESPECTFULLY SUBMITTED August 24, 2021.

ANDREA T. MARTINEZ
Acting United States Attorney

MICHAEL J. THORPE
Assistant United States Attorney